IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL L. OVERTON,

    Plaintiff,                    No. 2:11-cv-1646 LKK JFM (HC)

    vs.

WARDEN, CMF VACAVILLE,        ORDER AND

    Defendant.              FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On December 9, 2011, this court filed findings and recommendations herein which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has filed objections to the findings and recommendations.

        In the December 9, 2011 findings and recommendations, this court recommended dismissal of this action without prejudice due to plaintiff's failure to comply with an order filed October 11, 2011 directing him to, within thirty days, either pay the filing fee for this action or

file an application to proceed in forma pauperis, and to file an amended complaint.[1]  On December 29, 2011, plaintiff filed objections to the findings and recommendations.  An amended complaint is attached to the objections.  Plaintiff has not complied with the order to pay the filing fee for this action or file an in forma pauperis application.

After review of the record, and good cause appearing, this court finds for the reasons set forth infra that plaintiff's first amended complaint fails to state a cognizable claim for that relief.  Accordingly, the December 9, 2011 findings and recommendations will be vacated and the court will recommend dismissal of this action for failure to state a claim upon which relief may be granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

---

[1]  The October 11, 2011 order was preceded by an order filed July 29, 2011 requiring the same action by plaintiff.  The July 29, 2011 order was not complied with, resulting in findings and recommendations filed on September 13, 2011, recommending dismissal of the action without prejudice.  Those findings and recommendations were vacated by the magistrate judge in the order filed October 11, 2011.

1    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic</u>, <u>id</u>.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  <u>Erickson v. Pardus</u>, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting <u>Bell</u>, 127 S.Ct. at 1964, in turn quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Erickson</u>, <u>id</u>., and construe the pleading in the light most favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

      In his amended complaint, plaintiff alleges that defendants, a correctional counselor, a correctional officer, and a trust officer at California Medical Facility, stole money from plaintiff's inmate trust account statement.  Documents appended to plaintiff's amended complaint, which are a part thereof for all purposes, show that in July 2009, plaintiff received a settlement check in the amount of $15,238.68, which was deposited into his inmate trust account.  In administrative grievance proceedings, plaintiff alleged that $6777.04 was missing from his trust account.  In response to the grievance, prison officials found that plaintiff had spent the settlement funds through a variety of purchases and requests for checks.  Those transactions are documented in an inmate statement report dated May 17, 2010, a copy of which is appended to the amended complaint.

/////

/////

3

It appears from review of the exhibits appended to plaintiff's amended complaint[2] that his claim is without factual foundation. Moreover, the United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

In the instant case, plaintiff has not alleged any facts which suggest that the deprivation was authorized. The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq. Since plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law. This action should be dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e).

In accordance with the above, IT IS HEREBY ORDERED that the findings and recommendations filed December 9, 2011, are vacated; and

IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

[2] Exhibits appended to a complaint are a part thereof for all purposes. See Fed. R. Civ. P. 10(c).

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
2  objections shall be filed and served within fourteen days after service of the objections.  The
3  parties are advised that failure to file objections within the specified time may waive the right to
4  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED: May 7, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

12
over1646.57sec

5